Harlan NOLTE; Sharon Nolte; Ramon Nolte; Dorothy Nolte; Michael Dolphens; Dorothy Dolphens; Orville Stocker; Norma Jean Stocker, Plaintiffs,

Richard L. Spencer, Plaintiff–Appellant,

Ed Klanecky, Personal Representative; Plaintiff,

v.

Stanley PEARSON; Jerry Denby; Christopher Kulawik; Barbara E. Productions; Barbara Gelasno, formerly known as Barbara Goldman; Tim Lane; Eugene Weiss; Joseph Keaney; Polo Communications, Ltd., Defendants.

Dennis L. MOEN; Patricia A. Moen, Plaintiffs–Appellants,

v.

Stanley PEARSON; Jerry Denby; Christopher Kulawik; Barbara E. Productions, Inc.; Barbara Gelasno, formerly known as Barbara E. Goldman, Defendants,

Rosenbaum, Wise, Lerman, Katz & Weiss, a Partnership; Arthur R. Rosenbaum; Defendants–Appellees.

Aaron N. Wise, Defendant,

Marvin S. Lerman; Elliott L. Katz; Stephen A. Weiss, Defendants– Appellees,

Tim Lane; Eugene Weiss; Joseph Keaney, Defendants.

Carl M. ROSENBAUGH; A. Dean Wallant, Plaintiffs–Appellants,

v.

Stanley PEARSON; Jerry Denby; Christopher Kulawik; Barbara E. Productions, Inc.; Barbara Gelasno, formerly known as Barbara E. Goldman; Tim Lane, Defendants,

Rosenbaum, Wise, Lerman, Katz & Weiss, a Partnership; Arthur R. Rosenbaum, Defendants–Appellees,

Aaron N. Wise; Defendant,

Marvin S. Lerman; Elliot L. Katz; Stephen A. Weiss; Defendants– Appellees,

Eugene Weiss; Joseph Keaney; Polo Communications, Ltd., Defendants.

Ted TROMLER; Laressa Tromler; Leslie Vaughn; Donna Vaughn; Robert Zabawa; Therese Zabawa, Plaintiffs–Appellants,

v.

Stanley PEARSON; Jerry Denby; Christopher Kulawik; Barbara E. Productions, Inc.; Barbara Gelasno, formerly known as Barbara E. Goldman; Tim Lane, Defendants,

Rosenbaum, Wise, Lerman, Katz & Weiss; Arthur R. Rosenbaum, Defendants–Appellees,

Aaron N. Wise, Defendant,

Marvin S. Lerman; Elliott L. Katz; Stephen A. Weiss, Defendants– Appellees,

Eugene Weiss; Joseph Keaney; Polo Communications, Inc., Defendants.

William F. DUCHESNE; Karoline G. Duchesne, Plaintiffs–Appellants,

v.

Stanley PEARSON; Jerry Denby; Christopher Kulawik; Barbara E. Productions, Inc.; Barbara Gelasno, formerly known as Barbara E. Goldman, Tim Lane, Defendants,

Rosenbaum, Wise, Lerman, Katz & Weiss; Arthus R. Rosenbaum, Defendants–Appellees,

Aaron N. Wise, Defendant,

Marvin S. Lerman; Elliott L. Katz; Stephen A. Weiss, Defendants– Appellees,

Eugene Weiss; Joseph Keaney; Polo Communications; Defendants.

William E. LUNDAK; Patricia A. Lundak; Charles J. Kral; Susan K. Kral, Plaintiffs–Appellants,

v.

Stanley PEARSON; Jerry Denby; Christopher Kulawik; Barbara E. Productions,

Inc.; Barbara Gelasno, formerly known as Barbara E. Goldman, Defendants,

Rosenbaum, Wise, Lerman, Katz & Weiss; Arthur R. Rosenbaum, Defendants–Appellees,

Aaron N. Wise, Defendant,

Marvin S. Lerman; Elliott L. Katz; Stephen Weiss, Defendants–Appellees,

Eugene Weiss; Joseph Keaney; Polo Communications, Defendants.

Terry GRUBBS; LaDonna Grubbs; Benny B. Clarke; Traci L. Clarke, Plaintiffs,

Charles J. Kral; Susan K. Kral, Plaintiffs–Appellants,

Richard A. Spencer; Eileen Spencer, Plaintiffs,

Richard L. Spencer; Richard Wineteer; Jane D. Wineteer, Plaintiffs–Appellants,

v.

Stanley PEARSON; Jerry Denby; Christopher Kulawik; Polo Communications, Ltd.; Joseph Keaney, Defendants,

Rosenbaum, Wise, Lerman, Katz & Weiss; Arthur R. Rosenbaum, Defendants–Appellees,

Aaron N. Wise, Defendant,

Marvin S. Lerman; Elliott L. Katz; Stephen A. Weiss, Defendants–Appellees,

Barbara E. Productions, Inc.; Barbara Gelasno, formerly known as Barbara E. Goldman; Tim Lane; Eugene Weiss, Defendants.

Francis SCHRAM; Darlene Schram, Plaintiffs–Appellants,

v.

Jerry DENBY; Christopher Kulawik; Polo Communications, Ltd.; Joseph Keaney; Eugene Weiss, Defendants,

Rosenbaum, Wise, Lerman, Katz & Weiss; Arthur R. Rosenbaum, Defendants–Appellees,

Aaron N. Wise, Defendant,

Marvin S. Lerman; Elliott L. Katz; Stephen A. Weiss, Defendants–Appellees,

John & Jane Does, 1–10; Tim Lane; Stanley Pearson; Barbara E. Productions; Barbara Gelasno, formerly known as Barbara E. Goldman, Defendants.

Harold BOSE; Norma J. Bose; Gary W. Rosenberger, Vera M. Rosenberger; John A. Heidenescher; Cheryl M. Heidenescher, Plaintiffs–Appellants,

v.

IFC LEASING CORPORATION; Music Leasing Company, a Division of IFC Leasing Corporation; Stanley Pearson; Jerry Denby; Christopher Kulawik; Barbara E. Productions, Inc.; Barbara Gelasno, formerly known as Barbara E. Goldman, Defendants,

Rosenbaum, Wise, Lerman, Katz & Weiss, a Partnership; Arthur R. Rosenbaum, Defendants–Appellees,

Aaron N. Wise, Defendant,

Marvin S. Lerman; Elliott L. Katz, Defendants–Appellees,

Jeffrey S. Lewis; Allan A. Masur, Defendants,

Stephen A. Weiss, Defendant–Appellee,

John Doe, 1 through 10; Jane Doe, 1 through 10; Tim Lane; Eugene Weiss; Joseph Keaney; Polo Communications, Ltd., Defendants.

Keith M. CABBAGE, Plaintiff–Appellant,

v.

IFC LEASING CORPORATION; Music Leasing Company, a division of IFC Leasing Corporation; Stanley Pearson, Jerry Denby; Christopher Kulawik; Barbara E. Productions, Inc.; Barbara Gelasno; formerly known as Barbara E. Goldman; Arnold Theis; Tim Lane, doing business as Sixlane Enterprises, Defendants,

Rosenbaum, Wise, Lerman, Katz & Weiss; Arthur R. Rosenbaum, Defendants–Appellees,

Aaron N. Wise, Defendant,

Marvin S. Lerman; Elliott L. Katz, Defendants–Appellees,

Jeffrey S. Lewis; Allen A. Masur, Defendants,

Stephen A. Weiss, Defendant–Appellee,

John Doe, 1 through 10; Jane Doe, 1 through 10; Eugene Weiss; Joseph Keaney; Polo Communications, Ltd., Defendants.

Jerry D. WALTRIP; Karen L. Waltrip, Plaintiffs–Appellants,

v.

IFC LEASING CORPORATION; Music Leasing Company, a division of IFC Leasing Corporation; Stanley Pearson; Jerry Denby; Christopher Kulawik; Barbara E. Productions, Inc.; Barbara Gelasno, formerly known as Barbara E. Goldman; Tim Lane, doing business as Sixlane Enterprises, Defendants,

Rosenbaum, Wise, Lerman, Katz & Weiss, a partnership; Arthur R. Rosenbaum, Defendants–Appellees,

Aaron N. Wise, Defendant,

Marvin S. Lerman; Elliott L. Katz, Defendants–Appellees,

Jeffrey S. Lewis; Allan A. Masur, Defendants,

Stephen A. Weiss, Defendant–Appellee,

John Doe, 1 through 10; Jane Doe, 1 through 10; Eugene Weiss; Joseph Keaney; Polo Communications, Ltd., Defendants.

No. 92–2913.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1993.

Decided June 3, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied July 19, 1993.

See also 133 F.R.D. 585.

**1314**

George T. Qualley, Omaha, NE, argued for appellants.

Patrick Shawn McCann, Omaha, NE, argued (Craig W. Feil, on the brief), for appellees.

Before FAGG, and MAGILL, Circuit Judges, and STUART,* Senior District Judge.

STUART, Senior District Judge.

## I. *Introduction*

This is an appeal from an order of the district court[1] granting a directed verdict against the plaintiffs on their claims for fraud, negligent misrepresentation, and RICO violations. For the reasons discussed below, we affirm.

## II. *Factual Background*

The plaintiffs, investors in a master music recording leasing program, brought this action against the Rosenbaum law firm and its members (the law firm) who represented Music Leasing Company. Music Leasing Company is a corporation engaged in the business of acquiring and leasing master music recordings. Jerry Denby, the executive vice president of Music Leasing Company contacted Stephen Weiss, an attorney with the defendant law firm. Denby provided Weiss documents pertaining to the leasing program and explained the program's structure and operation. The law firm prepared various documents for Music Leasing Company so the company could provide prospective investors information about the leasing program. Four documents prepared by the law firm are relevant in this appeal: an attorney opinion letter and accompanying information memorandum dated August 31, 1980 advising investors of federal income tax consequences; a defense letter agreeing to render legal assistance to investors; and two documents explaining whether changes in federal tax laws would have a material effect on an investor's income tax consequences.

The investors formed general partnerships that separately leased master music recording rights from Music Leasing Company. In return for their investments, they were to

---

* The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Lyle E. Strom, Chief Judge for the District of Nebraska.

receive investment tax credits. The investors became dissatisfied when they learned the Internal Revenue Service was disallowing the tax credits. This suit followed.

At the close of plaintiffs' evidence the district court granted a directed verdict in favor of the law firm on each of plaintiffs' theories of recovery. The investors appeal arguing there was sufficient evidence to create a jury question on each claim.

### III. *Standards of Review*

■ In reviewing the propriety of granting a motion for a directed verdict, we use the same standard as the district court. *Hauser v. Equifax, Inc.*, 602 F.2d 811, 814 (8th Cir.1979).

> The motion is to be granted only when the nonmoving party has presented insufficient evidence to support a jury verdict in his favor. In deciding this question, the evidence must be viewed in the light most favorable to the nonmoving party, without assessing credibility. In addition, the nonmoving party is entitled to the benefit of all reasonable inferences, that is, inferences which may be drawn from the evidence without resort to speculation.

*Id.*

With these principles in mind, we proceed to examine the theories of recovery and evidence advanced by the plaintiffs to determine if the district court properly granted the defendants' motion for directed verdict.

### IV. *Fraud*

The trial court found that the plaintiffs had been victims of a massive fraud which seriously damaged them. The question here is whether the Rosenbaum law firm or some of its members were involved in the fraud.

To sustain a cause of action for fraudulent misrepresentation, a plaintiff must prove:

> that a representation was made; that the representation was false; that the representation was known to be false when made, or was made recklessly without knowledge of its truth and as a positive assertion; that it was made with the intention that the plaintiff should rely on it; that the plaintiff reasonably did so rely;

and that the plaintiff suffered damage as a result.

*Bock v. Bank of Bellevue*, 230 Neb. 908, 434 N.W.2d 310, 315 (1989).

■ In sustaining the defendants' motion for directed verdict on the common law fraud count, the district court applied the clear and convincing evidence standard as plaintiffs' burden of proof. Our research suggests that in an action at law for common law fraud, Nebraska requires proof by only a preponderance of the evidence. *Id.* at 918, 434 N.W.2d at 317. However, plaintiffs neither questioned the application of the clear and convincing evidentiary standard in the district court nor raised the issue here. Plaintiffs argued only that the rules for granting a directed verdict were not properly applied by the district court to the evidence presented. Appellants' Br. 7–8. Because the evidentiary standard was not called to the district court's attention and Judge Strom was thus not given the opportunity to consider this issue, it has become the law of the case. We will therefore examine the record under the clear and convincing standard. It is a well settled rule that issues not raised in the trial court will not be considered on appeal except in "exceptional cases where the obvious result 'would be a plain miscarriage of justice[,]' " ... "or would be 'inconsistent with substantial justice.' " *Gregory v. Honeywell, Inc.*, 835 F.2d 181, 184 (8th Cir.1987) (quoting *Morrow v. Greyhound Lines, Inc.*, 541 F.2d 713, 724 (8th Cir.1976) and *Hormel v. Helvering*, 312 U.S. 552, 558, 61 S.Ct. 719, 722, 85 L.Ed. 1037 (1941)). The case before us does not justify deviating from this well settled rule. Furthermore, it is doubtful that plaintiffs' evidence would raise a jury question even under the preponderance of the evidence standard.

■ Plaintiffs make no claim that the law firm made any representations to the investors except in the four documents prepared by the firm. In fact, no investor ever met or talked to any member of the defendant law firm. The investors testified that in making their investment decisions, they relied primarily on the opinion letter, fortified by the

three other documents prepared by the attorneys.

The investors argue that the law firm fraudulently misrepresented the following in the attorney opinion letter: (1) that Music Leasing Company would purchase the master music recordings through use of a full recourse promissory note; (2) that the price of the master recordings would be established by two independent appraisals; and (3) that the purchase price would be negotiated in an arm's length transaction.

We find no direct evidence of a false representation in the opinion letter. The letter clearly states that the attorneys' analysis of an investor's income tax consequences was based on the facts provided by Music Leasing Company and that the attorneys' conclusions were conditioned on the accuracy of those facts. The letter also clearly states that the law firm was neither requested by Music Leasing Company to verify any facts or representations made to the firm about the leasing program, nor did the attorneys conduct an independent investigation of the facts. The facts that the investors claim were fraudulently misrepresented in the opinion letter were provided by Music Leasing Company to the attorneys. Whether the purchase price, including the face amount of the notes, would provide the basis to compute the investment credit passed to the investor is specifically conditioned on the accuracy of the appraisal and negotiating the purchase price of the recording in an arm's length transaction. The letter concludes by advising each prospective investor to consult his own tax advisor about the investment. Based on the facts provided by Music Leasing Company, we conclude that the attorneys did not make fraudulent misrepresentations in the opinion letter.

■ Nor is the circumstantial evidence surrounding the preparation of the opinion letter, consisting entirely of Denby's opinions and beliefs, sufficient to support the investors' claim for fraud. Denby testified that he believed the investment program was illegal, that the price of the master recordings was arbitrarily inflated, and that the notes would not be paid because Music Leasing Company had insufficient capital. Denby testified that

Weiss must have known Music Leasing Company could not pay the notes because it was difficult for the company to pay the law firm's legal fees let alone the several million that would be necessary to pay off the notes. Denby further testified Weiss knew the value of the master recordings would not be established by independent appraisals. Denby based this opinion on Weiss' knowledge that the owner of Barbara E. Productions, Inc., an intermediary corporation set up by Weiss for the purpose of selling the master recordings to Music Leasing Company, was intimately involved with the individual from Music Leasing Company who purchased the master recordings. From this evidence, the investors maintain the jury could reasonably infer Weiss knew the notes would not be paid and that the price of the master recordings was not established by independent appraisals or negotiated in an arm's length transaction as represented in the opinion letter.

While Denby may have believed the notes would not be paid and that a tax shelter of this nature was illegal, he did not express his opinions to Weiss and plaintiffs produced no evidence showing Weiss had knowledge of this information. The conversations between Weiss and Denby concerned the length of time the notes would be held and the basic structure and operation of the program. Furthermore, experiencing difficulties paying current legal fees has little bearing on Music Leasing Company's financial obligations on notes due in twelve years. There is also no evidence indicating Weiss knew the price of the master recordings was arrived at in any manner other than an arm's length transaction. Denby's unsupported conclusions and speculations are insufficient to require submission of plaintiffs' claim for fraud to the jury. The district court properly granted defendants' motion for directed verdict on plaintiffs' common law fraud theory.

## V. *RICO*

■ To establish a RICO violation under U.S.C. § 1962(c) a plaintiff must demonstrate (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity that must include at least two racketeering acts. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496,

105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); *Atlas Pile Driving Co. v. DiCon Financial Co.*, 886 F.2d 986, 990 (8th Cir.1989). Plaintiffs claim the acts of racketeering activity were acts of mail and wire fraud.

In granting defendants' motion for directed verdict on plaintiffs' RICO claim, the district court found that the only mail fraud of which the defendants could be found guilty was the mailing of the documents prepared by the law firm. Because there was no evidence the documents were ever mailed or that they contained fraudulent statements the court concluded there could be no RICO violation. We reach no conclusion whether the district court's conclusion was correct about the evidence relating to the mailing because the record is devoid of evidence that the defendants participated, either directly or indirectly, in the conduct of the affairs of the enterprise. *Jaffke v. Dunham*, 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314 (1957) (reviewing court can affirm trial court for any reason supported in the record).

While this appeal was pending, the United States Supreme Court issued *Reves v. Ernst & Young*, — U.S. —, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993). *Reves* addressed the requisite degree of participation in the conduct of the affairs of the enterprise to impose liability under RICO. In *Reves*, a partner in the defendant accounting firm, was placed in charge of the audits of a Co-op gasohol plant. *Id.* at —, 113 S.Ct. at 1167. The accountant relied on existing Co-op records in preparing the audits, reviewed a series of completed Co-op transactions, certified the Co-op's records as fairly portraying its financial status, and presented the reports to the Co-op's directors and shareholders. *Id.* at — - —, 113 S.Ct. at 1167–68. The Supreme Court affirmed the test articulated in *Bennett v. Berg*, 710 F.2d 1361, 1364 (en banc) (8th Cir.), *cert. denied sub nom. Prudential Ins. Co. of America v. Bennett*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983), and held "one must participate in the operation or management of the enterprise itself" to be subject to liability under section 1962(c). *Reves*, — U.S. at — - —, —, 113 S.Ct. at 1168–69, 1173. Applying this test to the defendant's conduct in the

enterprise, the Court concluded it was not sufficient to impose liability. *Id.* at —, 113 S.Ct. at 1174.

The conduct of the defendants in the present case is likewise insufficient to impose liability as there is no evidence suggesting that the attorneys participated in the operation or management of the enterprise. Directing a verdict in favor of defendants on plaintiffs' RICO claim was proper for this reason.

### VI. *Negligent Misrepresentation*

The elements of negligent misrepresentation are the same as those for fraudulent misrepresentation except that negligent misrepresentation "merely requires proof that the defendant failed to exercise reasonable care or competence to obtain or communicate true information." *Flamme v. Wolf Ins. Agency*, 239 Neb. 465, 476 N.W.2d 802, 809 (1991) (Shanahan, J., concurring) (quoting *Springdale Gardens v. Countryland Dev., Inc.*, 638 S.W.2d 813, 816 (Mo.App. 1982)). Although there may be enough evidence to raise a jury question on the law firm's failure to exercise reasonably care, plaintiffs failed to establish the element of justifiable reliance. Justifiable reliance is a necessary element of negligent misrepresentation. We must determine whether the investors were reasonable in relying on the opinion letter and supporting documents.

Several times the opinion letter warns the investors that the Internal Revenue Service will likely challenge the claimed tax credits, and that the Service may prevail. The letter cautions that the Service may take issue with the views and rationale expressed by the attorneys. Warnings that the Service may label the investments as abusive tax shelters, thus increasing the investors' chances of being audited are also stated. The investors are encouraged to seek independent legal advice about the program. The accompanying information memorandum repeatedly cautions the investors that the transaction is suitable only for those individuals who can afford to assume a high degree of risk and sustain a total loss. It also warns that currently the Service is vigorously litigating similar tax consequences with respect to motion pictures and, if successful, it is likely

adverse tax consequences would result to an investor in the program.

We agree with the finding of the district court that the documents prepared by the attorneys "raise[d] more red flags about this investment than they g[a]ve any assurance about the program." The district court correctly granted a directed verdict in favor of the defendants on plaintiffs' claim for negligent misrepresentation.

VII.  *Conclusion*

We affirm the decision of the district court in all respects. In light of our holding, we need not address defendants' alleged defenses of real party in interest and statute of limitations.