**FIDELITY FEDERAL SAVINGS AND LOAN ASSOCIATION; Wilmington Savings Fund Society, FSB, Star States Pennsylvania Corporation, Plaintiffs,**

v.

**Armondo FELICETTI and Louis Scarcia and Louis A. Iatarola, Indiv. and Louis A. Iatarola, Realty Appraisal Group Ltd. and Fidelity and Deposit Company of Maryland, Defendants.**

Civ. A. No. 92–0643.

United States District Court
E.D. Pennsylvania.

June 24, 1993.

Raymond McGarry, Antoinette R. Stone, Buchanan Ingersoll Professional Corp., Philadelphia, PA, for plaintiffs.

Thomas H. Lee, II, Michael A. Schwartz, Dechert, Price & Rhoads, Philadelphia, PA, for Armondo Felicetti.

Alan A. Turner, Philadelphia, PA, for Louis Scarcia.

Donald K. Joseph, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for Louis Iatarola.

S. Gordon Elkins, Raymond Oechsler, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for Fidelity & Deposit Co.

## *MEMORANDUM*

JOYNER, District Judge.

Presently before the Court is the motion of defendants Loius A. Iatarola and the Louis A. Iatarola Realty Appraisal Group, Ltd. ("Iatarola") for Judgment on the Pleadings and/or Summary Judgment based primarily on the Supreme Court's recent ruling in *Reves v. Ernst & Young,* —— U.S. ——, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993).

The facts of this case have been delineated in this court's previous decisions and will not be reiterated here except to state that the plaintiffs have alleged, *inter alia,* that the Iatarola defendants engaged in RICO viola-

tions by preparing misleading and fraudulent real estate appraisals upon which plaintiffs based their decisions to extend certain loans. Specifically, plaintiffs contend that the Iatarola defendants violated 18 U.S.C. § 1962(c) and (d).

■ Because our decision is based to some extent on the exhibits attached to the motion and plaintiffs' response, we will treat this as a motion for summary judgment. In considering a motion for summary judgment, the court must consider whether the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact, and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). This court is required to determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making this determination, all reasonable inferences must be drawn in favor of the nonmoving party. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2512. While the movant bears the initial burden of demonstrating an absence of genuine issues of material fact, the nonmovant must then establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990) *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

## A. *1962(c)*

§ 1962(c) states:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's af-

fairs through a pattern of racketeering activity or collection of unlawful debt.

■ While there are numerous elements to this statute [1], the only element in contention in the instant case is whether the Iatarola defendants participated, directly or indirectly, in the conduct of Fidelity Federal Savings & Loan Association's ("FidFed") affairs.

In *Reves v. Ernst & Young*, —— U.S. ——, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), the Supreme Court adopted the "operation or management test" in defining the words "conduct or participate," and held that in order to violate § 1962(c), the defendant "must have some part in directing" the enterprise's affairs. *Id.* at ——, 113 S.Ct. at 1170. "In sum," the Court stated, "we hold that 'to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs,' § 1962(c), one must participate in the operation or management of the enterprise itself." *Id.* at ——, 113 S.Ct. at 1173.

■ Applying this test, this court finds that the Iatarola defendants did not participate in the operation or management of FidFed. In making this decision, we have attempted to apply the various guidelines scattered throughout the *Reves* decision.

■ First, the Court explicitly stated, and the statute reflects, that an enterprise might be operated or managed by those merely associated with the enterprise and not necessarily employed by the enterprise. *Reves*, —— U.S. at ——, 113 S.Ct. at 1173. By means of an example, albeit not as a limitation, the Court indicated that a defendant could operate or manage the enterprise's affairs by bribery. *Id.* Furthermore, the Court stated in a footnote "[w]e need not decide in this case how far § 1962(c) extends down the ladder of operation because it is clear that Arthur Young was not acting under the direction of the [enterprise'] officers

---

1. There are four essential elements of a 18 U.S.C. § 1962(c) claim:
 (1) the existence of an enterprise affecting interstate commerce;
 (2) that the defendant was employed by or associated with the enterprise;
 (3) that the defendant participated in the conduct of the affairs of the enterprise; and

 (4) that the defendant participated in the enterprise's affairs through a pattern of racketeering activity.
 *Steco, Inc. v. S & T Mfg., Inc.*, 772 F.Supp. 1495, 1497–98 (E.D.Pa.1991) *citing Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1165 (3d Cir.1989).

or board." *Id.*, at —— n. 9, 113 S.Ct. at 1173 n. 9. On the other hand, the Court specifically rejected the District of Columbia Circuit's requirement that § 1962(c) liability requires that the defendant had significant control over or within the enterprise. *Id.*, at —— n. 4, 113 S.Ct. at 1170 n. 4. All of these guidelines and principles merely lead us to conclude that the fact that the Iatarola defendants were hired as independent appraisers is not necessarily a decisive factor in our decision making.

■ Neither the Supreme Court nor the Eighth Circuit in the underlying *Arthur Young & Co. v. Reves*, 937 F.2d 1310 (8th Cir.1991) decision intimated that the degree to which the enterprise relied upon the defendant, that is, the importance of the defendant's role, could be considered in determining whether the defendant operated or managed the enterprise. Here, the gist of plaintiffs' argument in favor of 1962(c) liability is that because of the nature of the enterprise at issue here, a federal savings and loan institution, and the important role real estate appraisals play in that business, Iatarola's intentional preparation and submission of misleading appraisals so substantially influenced the decision making of FidFed's Board of Directors as to effectively operate or manage FidFed. We do not question that the appraisals were the keystone of the Board's decision to grant the various loan requests. However, the accountant's financial report in *Reves* was equally pivotal to all the financial decisions of the enterprise because Arthur Young portrayed the gasohol plant as being solvent whereas the reality was that the plant was not economically viable. Thus, we find that even where the wrongdoers provide misleading or fraudulent information which significantly influences a major decision of the enterprise, this still does not constitute "operation or management" of the enterprise in order for 1962(c) liability to attach.

■ Plaintiffs argue that this case differs from the *Reves* case in that the Iatarola defendants, unlike the accounting defendants in *Reves*, did not base their appraisals on information provided by the enterprise itself but rather engaged in independent review of the properties involved in the loans. Howev-

er, we find no distinction between the cases. In *Reves*, Arthur Young knowingly prepared financial reports for 1981 and 1982 based on documents prepared by a convicted felon. *Reves*, —— U.S. at ——, 113 S.Ct. at 1167; *Arthur Young*, 937 F.2d at 1317. In addition, Arthur Young ignored other critical evidence regarding who owned the gasohol plant at issue, when they owned it and other important factors effecting the valuation of the gasohol plant. *Arthur Young*, 937 F.2d at 1317. When presenting the financial report at the annual meeting, Arthur Young intentionally omitted its doubts about the accuracy of the report. *Id.* at 1318–19. Thus, the defendant in *Reves* was not merely rendering professional services which by chance were based on information provided by other wrongdoers. *See Nolte v. IFC Leasing Corp.*, 994 F.2d 1311 (8th Cir.1993) (attorneys who provided tax advice based solely on information provided by employees of enterprise found not liable under § 1962(c)); *Lewicky v. Chou*, 1993 WL 96114 (N.D.Ill.1993) (accountant who gave tax advice based on information he knew to be inaccurate and failed to correct, still not liable under § 1962(C)). Arthur Young knowingly prepared misleading financial reports and knowingly presented an inaccurate picture of its clients' financial circumstances at the annual meetings and to the Board of Directors. *See Reves*, —— U.S. at —— n. 5, 113 S.Ct. at 1177 n. 5 (Souter, J., dissenting) (Arthur Young's valuation based on creative accounting rather than reliance on the Co-op's books). Despite Arthur Young's complete knowledge of the misleading nature of the financial picture it was presenting, the Supreme Court found that the accountant's actions did not satisfy the operation or management test. Accordingly, we find that even though Iatarola's appraisals were performed with complete independence from FidFed, the submission of misleading and fraudulent appraisals does not rise to the level of operating or managing FidFed.

■ Lastly, the *Reves* Court referred to the professional standards of the accounting profession, stating "[a]lthough the professional standards adopted by the accounting profession may be relevant, they do not de-

fine what constitutes management of an enterprise for purposes of § 1962(c)." *Reves*, — U.S. at —, 113 S.Ct. at 1173. Even though the accounting professional standards specifically state that financial statements are management's responsibility, the Court held that an accountant's preparation of financial and audit reports did not give rise to liability under § 1962(c). *Id.; see also Sassoon v. Altgeld, 777, Inc.*, 822 F.Supp. 1303, 1307 (N.D.Ill.1993) Thus, what weight the professional standards can be given, if any, remains dubious. In this case, while the guidelines put out by the American Institute of Real Estate Appraisers stress the importance of the appraisers' job, they do not compel us to find that a real estate appraiser necessarily engages in the operation or management of a lending institution. *See* Ex. E attached to Plaintiffs' Response.

### B. *1962(d)*

 Section 1962(d) provides that it is unlawful for any person to conspire to violate sections (a), (b) or (c) of the RICO statute. *Meridian Mortgage Corporation v. Spivak*, 1993 WL 193364 (E.D.Pa.1993). Although, we find that plaintiffs have not established that the Iatarola defendants can be held liable under § 1962(c), dismissal of plaintiffs' § 1962(d) claim is not automatic. *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir.1989); *contra Steco, Inc. v. S & T Manufacturing, Inc.*, 772 F.Supp. 1495, 1503 (E.D.Pa.1991). The nature of a conspiracy claim does not require that the underlying substantive offenses actually be committed. *Jones v. Meridian Towers Apartments, Inc.*, 816 F.Supp. 762, 773 (D.D.C.1993). Rather, liability under § 1962(d) turns not on whether a defendant personally commits the predicate acts, but rather that the defendant agrees only to the commission of the predicate acts. *United States v. Adams*, 759 F.2d 1099, 1116 (3d Cir.1985). Because the Iatarola defendants have not moved for dismissal of the conspiracy charge, recitation of the requisite elements of the claim, *see Rose v. Bartle*, 871 F.2d at 366, at this juncture is not essential other than to state that dismissal of the 1962(c) claim does not automatically trigger dismissal of the 1962(d) claim. *United States v. Pryba*, 900 F.2d 748, 760 (4th Cir.1990)

(RICO conspirators need not be involved in the affairs of the conspiracy to a greater extent than required by other conspiracies).

### C. *Aiding and Abetting*

 The Iatarola defendants urge the Court to dismiss plaintiffs' allegation of aider and abettor liability on the ground that the *Reves* decision implicitly and explicitly makes aider and abettor liability inconsistent with § 1962(c) liability and the "operation or management test." In *Petro–Tech, Inc. v. Western Co. of North America*, 824 F.2d 1349 (3d Cir.1987), the Third Circuit affirmatively concluded that civil RICO liability for aiding and abetting advanced the goals of RICO and therefore an aider and abettor of two predicate acts can be civilly liable under RICO. *Id.* at 1357–58. While we recognize that a common law doctrine may be engrafted onto a federal statute only where the common law principles advance the goals of the particular statute, *id.* at 1356, we conclude that the *Reves* decision does not alter the nature of RICO to such an extent as to warrant the implicit reversal of the *Petro–Tech* holding. Furthermore, we find that the portion of the *Reves* opinion which the Iatarola defendants contend explicitly overrules *Petro–Tech* does not stand for that proposition. The portion of the Supreme Court's opinion to which defendants refer is limited to the Court's attempt to define the word "participate" as it is used in the RICO statute and is not dispositive of the argument advanced by the Iatarola defendants. Accordingly, we are bound to adhere to the Third Circuit's *Petro–Tech* decision.

An appropriate order follows.

### ORDER

AND NOW, this 23rd day of June, 1993 upon consideration of the Motion of Iatarola Defendants for Judgment on the Pleadings and/or Summary Judgment and Plaintiffs' response thereto, it is hereby ORDERED that the Motion is GRANTED in Part and DENIED in Part:

1. Iatarola Defendants' Motion is GRANTED with respect to the 28 U.S.C. § 1962(c) claim.

2. Iatarola Defendants' Motion is DENIED with respect to the 28 U.S.C. § 1962(d) and aiding and abetting claims.