United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3269

_____

Jacquelyn Krumwiede,       *
               *
    Appellant,      *
               *
   v.          *
               *
Mercer County Ambulance     *
Service, Inc.,        *
               *
    Appellee.      *

_____

No. 96-3387

_____

Jacquelyn Krumwiede,       *
               *
    Appellee,      *
               *
   v.          *
               *
Mercer County Ambulance     *
Service, Inc.,        *
               *
    Appellant.     *

Appeals from the United States
District Court for the
District of North Dakota.

_____

Submitted:  March 12, 1997

Filed: June 26, 1997

_____

Before WOLLMAN and BEAM, Circuit Judges, and LAUGHREY,[1] District Judge.
_____

WOLLMAN, Circuit Judge.

Jacquelyn Krumwiede brought this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et. seq., alleging age discrimination by Mercer County Ambulance Service, Inc. (Ambulance Service). Krumwiede appeals from the district court's[2] limitation on the size of the jury and the court's partial grant of judgment as a matter of law (JAML). Ambulance Service cross-appeals from the court's denial of its motion for summary judgment. We affirm.

**I.**

At the time of the events giving rise to this action, Ambulance Service consisted of two full-time employees (coordinator and assistant coordinator) and one part-time employee (bookkeeper). In addition, Ambulance Service utilized the services of forty-seven volunteers.

Krumwiede was hired as coordinator for Ambulance Service in July of 1985. Jodee Schwarz was hired as assistant coordinator for Ambulance Service in 1988. The two performed essentially the same duties. In June of 1993, Ambulance Service decided to consolidate the coordinator and assistant coordinator positions in an effort to cut costs. Krumwiede (who was then forty-eight) and Schwarz were terminated on June 30, 1993. Both applied for the consolidated position, along with five others. A

---

[1]The HONORABLE NANETTE K. LAUGHREY, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

[2]The Honorable Dwight C. H. Kautzmann, United States Magistrate Judge for the District of North Dakota, before whom the case was tried by consent of the parties pursuant to 28 U.S.C. § 636(c).

committee consisting of five of Ambulance Service's board members interviewed Krumwiede, Schwarz, and one other applicant and voted unanimously to hire Schwarz, who was then under forty.

Krumwiede filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging that she had been terminated and not rehired on the basis of her age. She subsequently filed suit in the district court, alleging violations of the ADEA. Krumwiede asserted that Ambulance Service's age discrimination is shown by the fact that the other two interviewees were both younger and that Schwarz was hired in her place, despite the fact that Schwarz was less qualified. Krumwiede also pointed to a co-worker's references to her as "granny" or "grandma" and to a co-worker's comments about the ability of two of Ambulance Service's older volunteers' to perform their jobs. Krumwiede alleged that Ambulance Service's assertion of financial problems as the reason for consolidating the two positions was pretextual inasmuch as Ambulance Service was at the time considering purchasing an expensive ambulance and additional equipment.

Ambulance Service contended that Krumwiede was an employee-at-will and that her termination was the result of a reduction in force (RIF). Ambulance Service asserted that consolidating Krumwiede's and Schwarz's positions was only one of a number of cost-savings measures it had implemented to cope with its severe financial problems. Ambulance Service's chairman testified that consolidating the positions was a logical place to cut costs since neither Krumwiede nor Schwarz was very busy, they had basically the same duties, and their positions were different in name only.

At the close of Krumwiede's case, Ambulance Service moved for JAML, which the court granted with respect to the termination claim. The failure to rehire claim was submitted to a jury, which returned a verdict for Ambulance Service.

## II.

Krumwiede contends that the district court abused its discretion in denying her demand for a nine-member jury, pointing to Rule 38(c) of the North Dakota Rules of Civil Procedure, which allows a party to demand a nine-member jury. The Federal Rules of Civil Procedure provide that "[t]he court shall seat a jury of not fewer than six and not more than twelve members . . . ." Fed. R. Civ. P. 48. Rule 47.1CV of the Local Rules of the United States District Court for the District of North Dakota provides that "[i]n all jury cases, the size of the jury shall be determined at the discretion of the presiding judge consistent with the language of Fed. R. Civ. P. 48." The district court's decision to limit the jury to six members was thus consistent with the federal and local rules of civil procedure and the Seventh Amendment.

Krumwiede argues that the district court erred in granting JAML on her termination claim. She contends that the district court mistakenly applied the standard set forth in Holley v. Sanyo Mfg., Inc., 771 F.2d. 1161 (8th Cir. 1985), and rejected the standard set forth in Brooks v. Woodline Motor Freight, Inc., 852 F.2d 1061 (8th Cir. 1988), and in doing so erroneously required that she prove age discrimination through direct evidence. Brooks is inapposite, however, as it was not a RIF case, and Holley remains the law in this circuit in RIF cases. See Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir. 1994); Herrero v. St. Louis Univ. Hosp., 109 F.3d 481, 483-84 (8th Cir. 1997). See also Ryther v. KARE 11, 108 F.3d 832, 836 n.1 (8th Cir. 1997) (en banc), petition for cert. filed, 65 U.S.L.W. 3694 (U.S. Apr. 4, 1997) (No. 96-1571). Moreover, Krumwiede's assertion that the district court required direct evidence of discrimination is belied by the record, for the district court stated, "[t]here is absolutely no evidence whatsoever in this record, direct or circumstantial, that on the termination there was any age discrimination," and observed that Krumwiede must prove discrimination with "direct or circumstantial evidence."

To establish a prima facie case of age discrimination in a RIF context, Krumwiede must: "(1) show that she was within the protected age . . . group; (2) show that she met applicable job qualifications; (3) show that she was discharged; and (4)

produce some additional evidence that a prohibited criterion such as age . . . was a factor in her termination." <u>Herrero</u>, 109 F.3d at 483-84 (citing <u>Bashara</u>, 26 F.3d at 823) (citing <u>Holley</u>, 771 F.2d at 1665)). The district court concluded that Krumwiede failed to satisfy the fourth requirement.

Our standard of review for the grant of JAML is the same as that applied by the district court. <u>See</u> <u>Nolte v. Pearson</u>, 994 F.2d 1311, 1315 (8th Cir. 1993). Accordingly, we assume that Krumwiede's evidence is true, and we give her the benefit of all inferences that can reasonably be drawn from that evidence. <u>Id.</u> The district court's grant of JAML is proper only if Krumwiede presented insufficient evidence to support a jury verdict in her favor. <u>Id.</u>

Krumwiede's bases for alleging that her termination was age motivated were the reference to her as "granny" and the comments about certain of the volunteer workers. The reference to Krumwiede as "granny" was made by a co-worker who had no decision-making authority for Ambulance Service. Moreover, there is no evidence suggesting that Ambulance Service was aware of those comments, as Krumwiede admittedly never asked her co-worker to stop referring to her in that manner, nor did she ever complain to Ambulance Service regarding such comments. Accordingly, such comments do not constitute any evidence of an impermissible motive on the part of Ambulance Service. <u>See</u> <u>Herrero</u>, 109 F.3d at 484 ("Statements may constitute evidence of impermissible motive only when they are made by decisionmakers in the termination process and reflect a discriminatory animus such that a jury could infer it was a motivating factor in the termination process."). For the same reason, the comments made by a co-worker about the volunteer workers do not constitute evidence of age discrimination towards Krumwiede, as they were likewise not made by a decisionmaker and did not even refer to Krumwiede. <u>See</u> <u>id.</u>

Krumwiede also argues that Ambulance Service's proffered reason for consolidating the coordinator positions was pretextual because at the same time that

Ambulance Service was implementing its RIF it was considering buying a new ambulance and other equipment. There is substantial evidence, however, that Ambulance Service was indeed experiencing financial difficulties at the time Krumwiede was terminated, and we will not review "the wisdom or fairness of the business judgment made by employers, except to the extent that those judgments involve intentional discrimination." Id. at 485 (quoting Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995). A number of witnesses testified regarding the other cost-saving measures that were implemented during the relevant time period: the elimination of overtime pay and extra office help; the discontinuation of health insurance benefits and volunteers' reimbursements for meals and mileage; and the reduction in the payment to volunteers for transferring patients. Krumwiede's contention that Ambulance Service's alleged financial woes were merely a pretext for terminating her becomes even more unconvincing given her admission that there were legitimate business reasons for implementing the cost-saving measures, that at the time there was a need for Ambulance Service to minimize costs and reduce overhead, and that consolidating the coordinator positions would result in significant savings to Ambulance Service. See Herrero, 109 F.3d at 484 (concluding that RIF was bona fide and not pretextual based on uncontradicted evidence of financial problems, plaintiff's concession that a RIF was necessary, and uncontradicted testimony that RIF was sole reason for termination).

In sum, we conclude that the record is devoid of any evidence showing that Krumwiede's termination was age-motivated. Accordingly, the district court did not err in entering JAML for Ambulance Service on the ADEA claim.

The judgment is affirmed.[3]

---

[3]In light of our disposition, we need not address the cross-appeal, nor need we address Krumwiede's contention that the district court erred in excluding certain evidence.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.