**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-2787

| | | |
|---|---|---|
| Phillip Silvey, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Dora Schriro, in official & individual | * | Appeal from the United States |
| capacity; Jefferson City Correctional | * | District Court for the |
| Center; Michael Groose, Superintendent | * | Western District of Missouri. |
| JCCC; John Douglas, Capt., JCCC; | * | |
| Burless Ross, Lt., JCCC; Dave Dormire, | * | [UNPUBLISHED] |
| Assoc. Superintendent; James McQueen, | * | |
| Sgt., JCCC; Gerald Henry, CO I, JCCC, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 7, 1997
Filed: July 16, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Phillip Silvey, a Missouri inmate, appeals from the District Court's orders dismissing some defendants and granting summary judgment to other defendants in this 42 U.S.C. § 1983 (1994) action. We affirm in part, and reverse in part.

Silvey is a practicing member of the Sikh Dharma sect of the Hindu religion. His religion requires him not to cut his hair. In his verified complaint, Silvey alleged various Jefferson City Correctional Center (JCCC) officials denied him equal protection and his freedom of religion, by punishing him for his hair length, but not punishing other inmates who have longer hair than he. He alleged Missouri Department of Corrections (MDOC) Director Dora Schriro also was liable because Silvey had written her concerning his "treatment" at least five times, but received no response. He also alleged JCCC officer Gerald Henry used excessive force, in violation of the Eighth Amendment, when transferring Silvey between housing units, because Henry deliberately pulled upward on Silvey's hands while handcuffing them behind Silvey's back, tearing a ligament in Silvey's shoulder. On defendants' motions, the District Court dismissed Silvey's claims as to Schriro, and granted summary judgment to the remaining defendants.

We review a grant of summary judgment de novo, applying the same standard as the district court. See Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1111 (8th Cir. 1995). We conclude that summary judgment was appropriate on Silvey's excessive force claim. We agree with the District Court that on Silvey's evidence no reasonable jury could find that Henry used force maliciously or sadistically to cause harm or used more than de minimis force. See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (noting "de minimis" uses of physical force are necessarily excluded from Eighth Amendment's prohibition against "cruel and unusual" punishment); Howard v. Barnett, 21 F.3d 868, 871-73 (8th Cir. 1994) (holding unnecessary and wanton infliction of pain occurs when prison officials apply excessive force maliciously and sadistically to cause harm; Eighth Amendment is not violated when prison officials apply force in good-faith effort to maintain or restore discipline).

Summary judgment also was proper as to Silvey's free exercise claim. See Hamilton v. Schriro, 74 F.3d 1545, 1551 (8th Cir.) (concluding MDOC's hair-length regulation did not violate Free Exercise Clause), cert. denied, 117 S. Ct. 193 (1996).[1]

We conclude, however, that summary judgment was improper as to Silvey's equal protection claim. In his verified complaint allegations and deposition testimony, Silvey provided evidence that other inmates wore their hair longer than policy permitted, were clearly observable by prison officials, and were neither punished nor forced to cut their hair. Defendants offered no contrary evidence, nor did they refute Silvey's assertion that he was treated dissimilarly because of his religion. See City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976) (noting religion constitutes suspect-classification category); Klinger v. Department of Corrections, 31 F.3d 727, 731, 733 (8th Cir. 1994) (noting Equal Protection Clause generally requires government to treat similarly situated people alike), cert. denied, 115 S. Ct. 1177 (1995); Stiles v. Blunt, 912 F.2d 260, 263 (8th Cir. 1990) (observing strict scrutiny review applies where challenged classification affects suspect class; under that standard, classification is upheld only if it is necessary to promote compelling state interest), cert. denied, 499 U.S. 919 (1991). The dismissal of this claim as to Schriro also must be reversed, as Silvey's pro se allegation that he sent Schriro letters complaining about his unconstitutional treatment, liberally construed, states a claim that Schriro, as a supervisor, is liable for failing to act. See Estate of Davis v. Delo, No. 96-1896, 1997 WL 321614, at *8 (8th Cir. June 16, 1997) (affirming district court decision holding prison supervisor liable where supervisor knew of correctional officer's propensity for violence but failed to act); Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926

[1] We do not analyze Silvey's claim that the hair-length regulation violated the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb, in light of the Supreme Court's June 25, 1997 decision declaring the RFRA to be unconstitutional. See City of Boerne v. Flores, No. 95-2074, 1997 WL 345322, at *3 (U.S. June 25, 1997).

(8th Cir. 1993) (Fed. R. Civ. P. 12(b)(6) dismissal standard of review); <u>see also</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) (per curiam) (noting pro se complaint entitled to liberal construction).

We do not consider Silvey's claim, first raised on appeal, concerning the conditions of JCCC's barber facilities.  <u>See</u> <u>Nolte v. Pearson</u>, 994 F.2d 1311, 1315 (8th Cir. 1993).  Finally, we reject Silvey's argument that he should not have been required to pay the appellate filing fee pursuant to the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, § 804(a)(3), 110 Stat. 1321-73 (codified at 28 U.S.C.A. § 1915(b) (West Supp. 1997)), as Silvey filed his notice of appeal after the PLRA's April 26, 1996 effective date.  <u>See</u> <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997).

Accordingly, we affirm the dismissal and the grant of summary judgment as to Silvey's excessive force and free exercise claims, reverse as to his equal protection claim, and remand for further proceedings on that claim.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-