37 F.3d 1503
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Donald EVANS, Appellant,
v.
George LOMBARDI; Carl White; CO-I J. Linn; John Doe, Appellees.
 No. 94-1630WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1994.
Filed: October 7, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Missouri inmate Donald Evans brought this 42 U.S.C. Sec. 1983 action asserting several claims after a prison adjustment board disciplined him for forcefully resisting a guard's pat-down search. The district court dismissed Evans's claims against Linn and the John Doe defendant under Federal Rule of Civil Procedure 4(m), and granted summary judgment for Lombardi and White on Evans's remaining claims. We reject Evans's contentions.
 
 
 2
 The record shows the district court did not abuse its discretion in dismissing Evans's claims against Linn and the John Doe defendant under Rule 4(m). The district court gave Evans ample time and opportunity to provide federal marshals with the information needed to serve process on Linn and the John Doe defendant, and Evans did not show good cause for his failure to furnish the marshals with the needed information. See Edwards v. Edwards, 754 F.2d 298, 299 (8th Cir. 1985) (per curiam). The record also shows the challenged disciplinary proceeding did not violate Evans's right to due process. The evidence supports the adjustment board's decision, and the board complied with the procedural hearing requirements for prison discipline. See Hrbek v. Nix, 12 F.3d 777, 780-81 (8th Cir. 1993), petition for cert. filed, No. 93-9116 (U.S. Apr. 29, 1994). Further, Evans failed to produce sufficient evidence for a reasonable jury to find supervisory officials Lombardi and White were deliberately indifferent toward, were personally involved in, or had tacitly authorized the guard's alleged misconduct. See McDowell v. Jones, 990 F.2d 433, 435 (8th Cir. 1993). Finally, we conclude Evans's remaining contentions are meritless.
 
 
 3
 Thus, we affirm. See 8th Cir. R. 47B.