# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3450

_____

Napoleon Hartsfield,                      *
                                          *
          Appellant,                      *
                                          *  Appeal from the United States
     v.                                   *  District Court for the
                                          *  Southern District of Iowa.
Deborah Nichols; Ken Burger,              *
Warden at Iowa State Penitentiary;        *
Ronald G. Welder, Executive Officer       *
at Iowa State Penitentiary;               *
Travis Lozano,                            *
                                          *
          Appellees.                      *

_____

Submitted: October 19, 2007
Filed: January 8, 2008

_____

Before RILEY, MELLOY, and COLLOTON, Circuit Judges.

_____

RILEY, Circuit Judge.

     In a prior retaliation action, Napoleon Hartsfield (Hartsfield), a prisoner in the Iowa State Penitentiary, successfully obtained a court order compelling the Iowa Department of Correction (IDC) not to destroy some of his legal papers, and to provide him access to the materials. Immediately after Hartsfield obtained this order, IDC correctional officers Deborah Nichols (Officer Nichols) and Travis Lozano (Officer Lozano) submitted separate disciplinary reports against Hartsfield. Hartsfield

was found guilty of the violations in prison disciplinary hearings, which resulted in detention and loss of earned time. Hartsfield filed this suit, claiming these disciplinary actions constituted retaliation for having successfully obtained the prior court order. Hartsfield also claimed violations of his right to access the courts. Upon initial review under 28 U.S.C. § 1915A, the district court[1] determined Hartsfield alleged no injuries sufficient to maintain the access to the courts claim. The district court also granted summary judgment in favor of the defendants on the retaliation claim, finding the disciplinary actions were supported by "some evidence" and the claim was, therefore, barred. Both claims were dismissed, and Hartsfield challenges both dismissals on appeal. We affirm.

## I.    BACKGROUND

After Hartsfield filed a retaliation claim against the IDC warden, the district court[2] considered Hartsfield's motion for an emergency temporary restraining order preventing IDC officials from destroying some of his legal documents. The district court construed the motion as one for preliminary relief. On October 18, 2004, the court granted Hartsfield's motion, and ordered the IDC to file a report with the court after allowing Hartsfield to sort through his papers.[3]

The following day, Officer Nichols filed a disciplinary notice against Hartsfield, charging him with (1) disobeying a lawful order; (2) verbal abuse; and (3) disruptive conduct. The report alleged Hartsfield had used loud and inappropriate language, and

---

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

[2]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

[3]The IDC did not file the report within the required time, but the district court found the IDC had not received the order, and granted additional time to file the report.

"this behavior had been noted on numerous other days," and Hartsfield, nineteen days before, was advised of a "final warning." Hartsfield denied the allegations, and claimed this was a retaliatory action against him because he filed the request for relief in federal court. Hartsfield claims on October 19, 2004, Officer Nichols told Hartsfield, "Hartsfield your lawsuit means nothing, nor do your injunction [*sic*] you still won't be receiving your legal property I'll just write you a report." Hartsfield further stated he could not call any witnesses, because the report against him was so vague he could not determine toward which inmates he was accused of directing profanities. Considering only the written report and Hartsfield's written denial, an independent hearing officer found Hartsfield guilty of the violations, and assessed thirty days disciplinary detention, and sixteen days loss of earned time. Hartsfield appealed, and the ruling was affirmed.

In a separate incident, on November 17, 2004, Officer Lozano filed a disciplinary report against Hartsfield, charging him with assault, threats/intimidation, verbal abuse and disruptive conduct. Officer Lozano, who was passing out books, alleged Hartsfield said to him, "you won't be walking by my cell playing games much longer." Officer Lozano further stated he asked Hartsfield if that should be taken as a threat, and Hartsfield replied, "write it up however you want." Hartsfield filed a written statement denying the charge. Hartsfield contended the statement was taken out of context and he actually said, "you won't be walking by my cell playing games much longer cause I'm going to file a grievance against you and file suit for discrimination." Hartsfield admitted, when asked if this was a threat, he stated, "write it up however you want." An independent hearing officer reviewed the written report and response and heard testimony from Hartsfield. The hearing officer found Hartsfield guilty of the rules violations, and sanctioned him to thirty days disciplinary detention and a loss of sixteen days earned time. Hartsfield appealed this ruling, and the ruling was affirmed.

Hartsfield filed a lawsuit against Officer Nichols and Officer Lozano, accusing them of retaliatory conduct. Hartsfield also alleged the IDC officials intentionally denied him access to the courts by denying him access to law books within the law library, and adequate legal assistance from a prison attorney.

On January 18, 2005, the district court handed down an initial review order, finding Hartsfield's retaliation claim was not frivolous, and allowing the claim to proceed. The court concluded Hartsfield alleged no injury sufficient to maintain the access to the courts claim. The court later granted the defendants' motion for summary judgment on the retaliation claim. Hartsfield appeals both determinations.

## II.    DISCUSSION

We review the grant of summary judgment de novo, viewing the record most favorably to the non-moving party. See Tipler v. Douglas County, 482 F.3d 1023, 1025 (8th Cir. 2007). Summary judgment is appropriate if the record shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Knowles v. Citicorp Mortgage, Inc., 142 F.3d 1082, 1085 (8th Cir. 1998).

### A.    Retaliation

An inmate may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). However, claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule. See Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990). Thus, a defendant may successfully defend a retaliatory discipline claim by showing "some evidence" the inmate actually committed a rule violation. See Goff v. Burton, 7 F.3d 734, 738-39 (8th Cir. 1993).

-4-

Based on these principles, the district court set forth to determine whether the sanctions Hartsfield received were valid. The district court explained, according to established law, prison disciplinary violations are valid when they are supported by "some evidence." Viewing the evidence in the light most favorable to Hartsfield, the court determined Officer Nichols said "Hartsfield, your lawsuits mean nothing." Nevertheless, the district court found, because there was "some evidence" supporting the validity of the disciplinary action, no retaliation claim could be maintained.

On appeal, Hartsfield does not dispute his claim would be foreclosed if the disciplinary action was supported by "some evidence." Indeed, this standard seems well settled, <u>Goff</u>, 7 F.3d at 738-39, and without a challenge by one of the parties, we will not address the standard further here.

Hartsfield argues legally sufficient evidence was not present to constitute "some evidence" he committed the charged violations. Hartsfield claims the *only* evidence available was the defendants' uncorroborated allegations as set forth in their disciplinary reports. Hartsfield contends uncorroborated allegations of a correctional officer are insufficient to satisfy the "some evidence" standard because "[a] contrary holding would essentially preclude any inmate from ever bringing a retaliation claim." This argument first appears well taken. After all, if Hartsfield is precluded from maintaining suit, correctional officers would be nearly free to retaliate against prisoners for exercising constitutional rights, so long as the officers write up a report directly maintaining the prisoner violated a valid prison rule, and a hearing officer accepts the officer's view of the matter over that of the prisoner.

However, Hartsfield is incorrect such a holding would automatically "preclude any inmate from *ever* bringing a retaliation claim." The Supreme Court has outlined procedures correctional facilities must follow to conduct an impartial due process hearing on a disciplinary matter. <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-66, 570 (1974) (listing "written notice of the charges"; "a brief period . . . to prepare"; a

written statement of "the evidence relied on and reasons for the disciplinary action"; and the ability for the inmate to "call witnesses and present documentary evidence"). Thus, if a correctional officer were found lacking in credibility, or the inmate found highly credible, the hearing could produce a favorable result for the inmate. In such a circumstance, the inmate would not be precluded from maintaining suit.

Hartsfield relies on Moore v. Plaster, 266 F.3d 928 (8th Cir. 2001), for the proposition "[m]ere conclusory statements or accusations by the person filing the disciplinary report, without more, cannot constitute some evidence as a matter of law." This assertion, in one sense, misstates Moore, and in another sense, misconstrues the facts of Hartsfield's case. To the extent Moore might be helpful to Hartsfield, Moore is in conflict with panel decisions before Moore.

First, Hartsfield's assertion stretches Moore in some ways. In Moore, three prison disciplinary actions were at issue. Id. at 931. The evidence available to support the first and third disciplinary actions against the inmate consisted *only* of the investigator's report, which included a bare accusation that the inmate "conspired to have narcotics brought into [the facility]." Id. at 931-32. The investigator's report was not based upon the investigator's personal knowledge. Id. Thus, this court found the report was insufficient to qualify as "some evidence" of a rules violation. Id. at 932. Hartsfield's case is distinguishable, because the two reports relied upon were based upon the investigators' personal knowledge and did not simply contain bare accusations that a rule was violated. Rather, the reports detailed the conduct underlying the charges, with one report identifying other earlier dates of similar conduct, including the earlier date and time when Hartsfield was advised of a "final warning."

The second disciplinary action in Moore was supported by the observations of the reporting officer. Id. However, the reporting officer's observation was again only conclusory in nature, and was also supported by a notation in the report that

"Investigator Plaster stated that inmate Moore failed the [lie detector] exam." Id. Our court noted, "[o]rdinarily, the Investigator's statement of the test results would be 'some evidence,' but here that very statement is itself alleged to be retaliatory." Id. The court found this statement could not constitute "some evidence" sufficient enough to support a rule violation. Id. This portion of Moore potentially helps Hartsfield. Again, Hartsfield's situation is distinguishable from the problem of Moore's report being only conclusory in nature, given the reports against Hartsfield were specific. Nonetheless, like the situation in Moore, "here, [the] very [reported accusations themselves are] alleged to be retaliatory." Moore, 266 F.3d at 932.

The Moore court reasoned this disputed evidence situation was distinguishable from that in Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994). See Moore, 266 F.3d at 932 (claiming Henderson stood for the proposition that a "prison officer's *undisputed* first-hand account of [an] inmate's misconduct was 'some evidence' of [an actual rule] violation." (emphasis added)). If Henderson stood for the specific referenced proposition, Moore would have been distinguishable because the results of Moore's lie detector test were directly contested. See id. Contrary to what the Moore court stated, the prison officer's first-hand account in Henderson *was* disputed. See Henderson, 29 F.3d at 466 (noting the inmate disputed the officer's account, and claimed the officer was lying).

Thus, in the one manner in which the Moore holding helps Hartsfield's case, Moore was otherwise bound by this court's prior precedent. See Goff, 7 F.3d at 738 (declaring "[o]ne panel of the circuit may not overrule a decision issued by another panel of the court." (citation omitted)). Not only did Henderson come first, but it was directly in line with other prior court precedent in which the same proposition was established. See Hrbek v. Nix, 12 F.3d 777, 781 (8th Cir. 1993). In Hrbek, over six months before Henderson, we stated:

Hrbek complains that if disciplinary committees are held only to a "some evidence" standard by the Constitution, the <u>Wolff</u> hearing requirement becomes meaningless because a guard's written report alone constitutes "some evidence." We agree that disciplinary actions may be taken—and often they are—based *only on a guard's report.* *Even when there is substantial evidence to the contrary, the committee may find a guard's report to be credible* and therefore take disciplinary action. However, the <u>Wolff</u> hearing ensures that the inmate has an opportunity to persuade an impartial decisionmaker, who must give written justification for his decision, that discipline is not warranted. This is the interest protected by the Constitution.

<u>Id.</u> (citations and footnote reference omitted) (emphasis added). Thus, taking <u>Hrbek</u> and <u>Henderson</u> together, a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as "some evidence" upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker. We therefore apply <u>Hrbek</u> and <u>Henderson</u>.[4] Under this precedent, Hartsfield's disciplinary violations are sufficiently supported by some evidence, and the district court properly granted summary judgment on the retaliation claim.

## B.      Access to the Courts

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious

---

[4]We recognize when prior panels are in conflict, we have discretion to follow either precedent. <u>See</u> <u>Kostelec v. State Farm Fire & Cas. Co.</u>, 64 F.3d 1220, 1228 n.8 (8th Cir. 1995). For the reasons outlined herein, <u>Moore</u> conflicts with more than one earlier panel decision, and incorrectly characterizes <u>Henderson</u>. The <u>Moore</u> panel itself was without authority to overrule the prior precedents. <u>See</u> <u>Goff</u>, 7 F.3d at 738. Thus, we elect to follow <u>Hrbek</u> and <u>Henderson</u>. This is particularly appropriate because the earlier decisions ". . . properly control, as they should have controlled in [<u>Moore</u>]." <u>Kostelec</u>, 64 F.3d at 1228 n.8.

underlying legal claim." White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007) (citations omitted). "To prove actual injury, [a prisoner] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" Id. (quoting Lewis v. Casey, 518 U.S. 343, 353 (1996)).

Hartsfield first claims the district court erred in dismissing this claim because the court did "not explicitly state whether the dismissal [was] for failure to state a claim or because it was frivolous." This contention lacks merit. The district court quite clearly articulated that Hartsfield cannot maintain a claim because he cannot demonstrate actual injury. Because actual injury is required, the district court implicitly, if not expressly, found Hartsfield's claim was one upon which relief could not be granted.

Hartsfield also contends the district court erred in dismissing this claim because he argued the IDC's "conduct precluded him from filing post-conviction relief," which would suffice as actual injury. As the district court explained, Hartsfield did not actually contend the IDC's actions blocked him from being able to file for relief. Rather, Hartsfield only assumed any filing would fail due to his lack of legal knowledge and information. Id. The record supports this finding. Hartsfield's complaint concludes the IDC denied him access to the courts, and asserts this was due to his lack of access to law books and free legal assistance. As the United States Supreme Court has articulated:

> Because [precedent] did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary . . . [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a

*complaint he prepared was dismissed* for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was *so stymied by inadequacies of the law library that he was unable even to file a complaint*.

Casey, 518 U.S. at 351 (emphasis added). The district court thus properly noted Hartsfield failed to allege he was actually prevented from filing a complaint, or a filed complaint was dismissed for lack of legal adequacy. Hartsfield only roughly and generally asserted he was prevented from filing because he did not know what arguments to make. Therefore, Hartsfield's claim that any complaint he would have filed would have been insufficient is speculative, and the district court properly dismissed this claim.

Finally, Hartsfield argues the district court erred by sua sponte dismissing the claim without giving him leave to amend the complaint. Hartsfield contends that "[d]ismissal is warranted only if the face of the complaint shows an insuperable bar to relief." Hartsfield asserts his complaint "alleges multiple acts of the Appellees which, if true, constitute a deprivation of his right to access the courts," including the alleged statements from Officer Nichols that "You still won't be receiving your legal property. I'll just write you a report." Hartsfield confuses the offense with the injury. Although he has alleged facts which, if true, could constitute a *wrong*, he has not, for the reasons outlined above, articulated any manner in which he was *injured by* the offense. Absent an articulation of how the alleged wrongful conduct actually blocked Hartsfield's access to filing a complaint, or caused a filed complaint to be deficient, Hartsfield's alleged injuries are merely speculative. Because no further explanation of the facts alleged could change this speculation, the district court did not err in dismissing the complaint without leave to amend. See Williams v. Dep't of Corrs., 208 F.3d 681, 682 (8th Cir. 2000) (explaining "sua sponte dismissal [is] appropriate

. . . where [it is] 'patently obvious' that [the] plaintiff cannot prevail on alleged facts, and [an] opportunity to amend would be futile." (citation omitted)).

## III.   CONCLUSION

Although there appears to be conflicting case law on one aspect of the retaliation issue, our prior controlling precedent establishes a correction officer's report, even if standing alone and disputed, suffices as "some evidence" on a disputed fact when deemed credible in an impartial hearing.  As to the access to the courts claim, Hartsfield failed to articulate how he suffered an actual injury.  The district court's judgments are affirmed.

_____