# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2084

_____

Joe H. Bandy-Bey,

          Appellant,

      v.

David Crist; Joan Fabian, individually and as Commissioner of Corrections for the State of Minnesota; Mr. Hokonson, individually and as Program Director of MCF/Lino Lakes; Ken Thole, individually and as Lt. for MCF/Lino Lakes; Jerome G. Sauer, individually and as Lt. for MCF/Lino Lakes Due Process; John Wing, individually and as Sg. for MCF/Lino Lakes Due Process; Sean Swanson, individually and as Custody Officer for MCF/Lino Lakes; Matthew VanderVegt, individually and as Custody Officer for MCF/Lino Lakes,

          Appellees.

Appeal from the United States District Court for the District of Minnesota.

[PUBLISHED]

_____

Submitted:  August 7, 2009
Filed: August 25, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Joe H. Bandy-Bey, an inmate at the Minnesota Correctional Facility in Lino Lakes, Minnesota (MCF-LL), appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action against various prison officials. We review the district court's grant of summary judgment de novo. See Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 884 (8th Cir. 2009).

Bandy-Bey's complaint alleged that defendants (1) denied him access to the courts by refusing to allow him adequate time in the law library; (2) retaliated against him for pursuing his claims by imposing disciplinary measures; and (3) violated his substantive due process rights by falsely charging him with rule violations, finding him guilty, and placing him in segregation.

We agree with the district court that Bandy-Bey's access-to-courts claim fails because Bandy-Bey did not demonstrate that defendants' failure to grant him the library time he requested "resulted in an actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." See Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008); Moore v. Plaster, 266 F.3d 928, 933 (8th Cir. 2001); see also Entzi v. Redmann, 485 F.3d 998, 1005 (8th Cir. 2007) (rejecting access-to-courts claim where plaintiff alleged insufficient library time caused him to file untimely habeas corpus petition because plaintiff did not produce sufficient evidence that he could not have located relevant habeas deadlines in library books given amount of library time permitted).

We also agree that Bandy-Bey could not prevail on his claim that the defendants retaliated against him for pursuing his claims by imposing disciplinary measures. The discipline at issue was for Bandy-Bey's (1) alleged misrepresentations about defendant

---

[1] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Lieutenant Ken Thole in an Offender Kite Form ("Kite") and (2) alleged failure to follow the direct order of defendant Custody Office Sean Swanson to go to Thole's office.

First, Bandy-Bey received a "Due Process report" charging him with lying and misrepresentation stemming from a Kite that he wrote to and about Thole. In the Kite, Bandy-Bey stated, inter alia, that Thole "continues to insist that I write my documents out by hand" and that because of Thole's "action or inaction" in not affording him an extended period of library time, Bandy-Bey "was forced to send [his] legal documents out open to a non-legal address violating [his] privacy and the documents pos[s]ibly not making it to the destination." In response to the Kite, Thole had written an incident report outlining the "misrepresentations" that Bandy-Bey made in the Kite. According to Thole, he "never told Bandy[-Bey] to write anything by hand" and "did not tell Bandy[-Bey] or instruct Bandy[-Bey] to send his legal or non-legal paperwork out to anyone."[2]

At Bandy-Bey's disciplinary hearing, Bandy-Bey testified, in relevant part, that his statements regarding Thole were merely his opinion and that he was not insinuating that Thole was forcing him to send legal documents out to a non-legal address; instead, he said that it was Thole's action or inaction that forced him to send his legal documents out to a non-legal address. Defendant Hearing Officer Jerome Sauer found that Bandy-Bey had no basis to accuse Thole of intentionally causing him severe stress, forcing him to write documents by hand, interfering with his access to

---

[2] Additionally, in the Kite, Bandy-Bey alleged that Thole told him to contact his case manager when Bandy-Bey inquired about receiving an expended period of library time. In his incident report, Thole stated that he "never instructed him to contact his Case Manager." As to this allegation, the documentary evidence does show that, in fact, on April 7, 2006, Thole informed Bandy-Bey that he "need[ed] to speak to [his] Case Worker Eric Beuning " regarding extended periods of library time. But because other allegations that Bandy-Bey made against Thole *are not* supported by documentary evidence, we need not address this specific allegation.

the courts, or making misrepresentations to Bandy-Bey. Accordingly, Sauer found Bandy-Bey guilty of the violation and sentenced him to ten days in segregation. Defendant Warden David Crist denied Bandy-Bey's appeal.

"An inmate may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights." Hartsfield, 511 F.3d at 829. But an inmate's retaliation claim fails "if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule." Id. "Thus, a defendant may successfully defend a retaliatory discipline claim by showing 'some evidence' the inmate actually committed a rule violation." Id. "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." Id. at 831.

Here, Sauer, the hearing officer, after considering the testimony of Bandy-Bey, Thole, and Custody Officer Matthew VanderVegt, who also wrote an incident report regarding Bandy-Bey's allegations against Thole, and reviewing the documentary evidence, concluded that Bandy-Bey's factual allegation that Thole insisted that Bandy-Bey write his legal documents by hand was directly contradicted by Thole's incident report, which qualifies as "some evidence" for the disciplinary action. See id. Because Bandy-Bey has not proffered any evidence to imply Sauer was not impartial, his retaliation claim necessarily fails.

Second, Bandy-Bey was charged with disobeying a direct order of Custody Officer Sean Swanson. Bandy-Bey had approached Swanson and requested to go the library. Swanson informed Bandy-Bey that he was not on the list for the library that day. Bandy-Bey requested that Swanson call Thole, which he did, and Thole told Swanson to send Bandy-Bey to Thole's office. According to Swanson's incident report, he "gave [Bandy-Bey] a direct order to go" speak to Thole, but Bandy-Bey

refused and walked away. Bandy-Bey attested that Swanson told him to go to Thole's office and that he responded "that [he did not] feel comfortable going into his office" and stated, "No, No, No, I can wait and go a different time!" After a disciplinary hearing, Hearing Officer John Wing found Bandy-Bey guilty of disobeying a direct order and sentenced Bandy-Bey to 15 days in segregation. Warden Crist denied Bandy-Bey's appeal.

We agree with the district court that Bandy-Bey cannot prevail on his claim that the disciplinary charge that Swanson wrote against him, for failing to follow a direct order, was retaliatory, as the undisputed evidence showed that Bandy-Bey did fail to follow the direct order. See Moore, 266 F.3d at 931 (retaliation claim fails if defendant produces "some evidence" that plaintiff actually committed violation).

Therefore, we hold that the district court properly granted summary judgment to all of the defendants on Bandy-Bey's retaliation claim in all respects.

Finally, we find that Bandy-Bey's substantive due process claim fails. Bandy-Bey alleges that the defendants violated his substantive due process rights by falsifying disciplinary charges and sentencing him to segregation. He argues that he has a fundamental liberty interest in his access to the courts and that the circumstances of his disciplinary sanctions were outrageous.

"To establish a violation of substantive due process rights by an executive official, a plaintiff must show (1) that the official violated one or more fundamental constitutional rights, and (2) that the conduct of the executive official was shocking to the 'contemporary conscience.'" Flowers v. City of Minneapolis, 478 F.3d 869, 873 (8th Cir. 2007). Bandy-Bey has failed to make a sufficient showing of a substantive due process claim. As explained *supra*, Bandy-Bey's access-to-courts claim and retaliation claim fail. He has not shown that he the defendants impeded his ability to pursue a non-frivolous claim; furthermore, his disciplinary sanctions of ten days'

segregation for the first charge and 15 days' segregation on the subsequent charge do not offend a protected liberty interest. See Sandin v. Conner, 515 U.S. 472, 486 (1995) ("We hold that [the inmate's] discipline in segregated confinement [for 30 days] did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." ).

Accordingly, we affirm the judgment of the district court.

_____