# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-3080

_____

Billy Thornton, Jr.,      *
        *
      Appellant,      *
        *
     v.      *
        *
Marvin Evans, Jr., Deputy Director;  *
William Straughn, Warden, Maximum  *
Security Unit; Steve Outlaw, Deputy  *
Warden, Maximum Security Unit; N.  *
Kelly, Property Officer, Maximum  *
Security Unit; York, CO-II, Maximum  *
Security Unit,      *  Appeal from the United States
        *  District Court for the
      Appellees,      *  Eastern District of Arkansas.
        *
Lyons, Property Officer, Maximum  *  [UNPUBLISHED]
Security Unit; A. Tyler, Ms., Problem  *
Solver, Maximum Security Unit,  *
        *
      Defendants,      *
        *
Powell, Sgt., Maximum Security Unit;  *
Harris, CO-II, Maximum Security Unit;  *
Davis, CO-II, Maximum Security Unit,  *
        *
      Appellees,      *
        *
Norman L. Hodges,      *
        *
      Defendant.      *

_____

Submitted: March 7, 2012
Filed: April 5, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action asserting a violation of due process and a violation of the right to access the courts, Arkansas inmate Billy Thornton appeals following the district court's[1] adverse grant of summary judgment and denial of reconsideration. Having carefully reviewed the district court's rulings, we find no basis for reversal. See Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 884-85 (8th Cir. 2009) (grant of summary judgment is reviewed de novo); Hartsfield v. Nichols, 511 F.3d 826, 831-32 (8th Cir. 2008) (to prove violation of right of access to courts, prisoner must establish actual injury, i.e., hindrance of nonfrivolous and arguably meritorious underlying legal claim; affirming dismissal of claim deemed to be speculative); Zar v. S.D. Bd. of Exam'rs of Psychologists, 976 F.2d 459, 465 (8th Cir. 1992) (deprivation of constitutionally protected interest in life, liberty, or property is not due process violation and not actionable under § 1983 unless and until state fails to provide due process; no actionable due process violation occurred where adequate post-deprivation remedy existed); see also Ray v. Am. Airlines, Inc., 609 F.3d 917, 922-23 (8th Cir. 2010) (to obtain continuance under Fed. R. Civ. P. 56, party opposing summary judgment must file affidavit affirmatively demonstrating how postponement will enable him to rebut movant's showing of absence of genuine issue

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

of fact; court did not abuse its discretion in denying motion for continuance where plaintiff failed to articulate how facts sought to be discovered were relevant to rebut defendant's showing of absence of genuine issue of fact); see Int'l Bhd. of Elec. Workers v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002) (Fed. R. Civ. P. 60(b) relief will be granted under only most exceptional circumstances).

      Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

—————————————————