IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Williams,
                Petitioner         :

                :

        v.             :

                :

John E. Wetzel (Secretary of      :
Corrections); Mrs. Reifer (Chief   :
Grievance Officer); Barry Smith   :
(Facility Manager, S.C.I. Houtzdale);  :
Mr. Quick C/O (Corrections Officer);  :
Mr. Defilice (Unit Manager for C-Unit); :
PA. Dept. of Corrections Officials,  :   No. 214 M.D. 2019
           Respondents     :   Submitted: November 1, 2019

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: April 17, 2020

Before the Court are "[Respondents'] Preliminary Objections/Motion to Revoke [in forma pauperis]" filed by the Department of Corrections (Department), John E. Wetzel, Mrs. Reifer, Barry Smith, Mr. Quick C/O (CO Quick), and Mr. Defilice (collectively, "Respondents") on July 3, 2019 in response to *pro se* petitioner Anthony Williams' (Williams) Petition for Review (Petition). Williams alleges prison authorities confiscated his television in retaliation for Williams having filed a grievance against a corrections officer under the Prison Rape Elimination Act of 2003 (PREA),[1] which grievance Williams argues Respondents

---

[1] 34 U.S.C. §§ 30301-30309.

denied in violation of Department policy. Respondents argue that: Wetzel, Defilice, Reifer, and Smith should be dismissed because the Petition makes no factual allegations against them; this Court lacks jurisdiction to review Department grievance proceedings; and Respondents did not retaliate, but instead simply confiscated contraband property, in which Williams enjoyed no property right. Respondents further request that, because he has at least three strikes under Section 6602(f) of the Prison Litigation Reform Act,[2] this Court revoke Williams' status as an in forma pauperis (IFP) litigant and require Williams to pay the full filing fee within a reasonable period of time to prosecute the Petition. For the reasons that follow, we sustain the Preliminary Objections.

Williams is incarcerated at the State Correctional Institution at Houtzdale (SCI-Houtzdale). At some point prior to December 5, 2018, Williams filed a complaint against CO Quick pursuant to the PREA. *See* Official Inmate Grievance No. 778447, dated December 25, 2018 (Grievance). Thereafter, Williams received a misconduct and was temporarily transferred to the Restricted Housing Unit (RHU) within SCI-Houtzdale.[3] *See id.* As a result of his transfer to the RHU, prison officials inventoried the personal property in Williams' cell. *See id.*; *see also* Preliminary Objections at 3, ¶ 10. During the inventory of Williams' property, CO Quick discovered that Williams' television did not have a legible serial number and that the identifying engraving on the television did not match a prior Reception and Delivery (R&D) engraving, in violation of prison requirements. *See* Initial Review Response dated January 14, 2019 (Grievance Response); Facility Manager's Appeal Response dated January 22, 2019 (Facility Manager Response); Final Appeal

_____

[2] 42 Pa.C.S. §§ 6601-6608.

[3] Williams does not allege that the misconduct that resulted in his transfer to the RHU was in any way related to, or in retaliation for, the previous filing of the PREA complaint.

Decision dated March 7, 2019 (Final Decision). As a result, CO Quick confiscated Williams' television. *See id.*

Williams filed the Grievance on December 25, 2018, challenging the confiscation of his television. *See* Grievance. The Grievance alleged that an inmate with knowledge of the confiscation informed Williams that prison officials had "messed with" his television and were treating him "dirty" because of his previously filed PREA complaint. *Id.* SCI-Houtzdale's Facility Grievance Coordinator interviewed both Williams and CO Quick regarding the allegations contained in the Grievance. *See* Grievance Response. Williams repeated the claim that his television was taken in retaliation for his filing of a PREA complaint, but refused to identify the inmate who had informed him of the actions of the prison officials. *Id.* CO Quick explained that he confiscated Williams' television because, during the inventory search of Williams' property, he discovered that the television did not have a serial number and that the identifying engraving did not match R&D's records. *Id.* The Facility Grievance Coordinator examined the television in question and confirmed that the television did not have a serial number and that the identification engraving appeared to have been altered, with another inmate's name scratched off and Williams' name stenciled on with a needle and not an R&D engraving. *Id.* The Facility Grievance Coordinator also noted that Williams refused to divulge the identity of the inmate who allegedly witnessed prison officials altering Williams' television. *Id.* As a result, the Facility Grievance Coordinator concluded that Williams failed to provide any evidence to corroborate his claims and accordingly denied the Grievance. *Id.*

Williams appealed the Facility Grievance Coordinator's determination to the Facility Manager, Barry Smith. *See* SCI Inmate Appeal to Facility Manager

3

Grievance dated January 19, 2019 (Facility Manager Grievance). Mr. Smith reviewed the matter and upheld the Grievance Response, determining as follows:

> The Grievance Officer appropriately addressed all of the issues contained in the [G]rievance. Your appeal is a reiteration of the original claims concerning retaliation. Your allegations of this action taking place was appropriately investigated by the Grievance Officer and found to have no merit. Your disdain to [sic] the investigation in no way refutes that response. You have failed to provide any tangible evidence to refute the original response provided. The Investigating Officer has clearly found that your TV was altered and therefore it was properly confiscated. The Investigating Officer properly addressed all of your claims and provided you with an appropriate response.

Facility Manager Response at 1. Williams appealed the Facility Manager Response to the Secretary of Corrections' Office of Inmate Grievances and Appeals, which reviewed the record and upheld the prior determinations on March 7, 2019. *See* Final Decision.

On April 4, 2019, Williams filed the Petition with this Court. In the Petition, Williams reiterates his claim below that the confiscation of his television was the result of retaliation by prison officials for his having filed a PREA complaint, and further claims the previous denials of the Grievance were made in contravention of Department policy and without due process for Williams. Williams requests that this Court order the return of his television, overrule the denial of the Grievance, and declare that the Department violated its own policy.

Respondents filed preliminary objections to the Petition on July 3, 2019. Williams filed his Answer to Preliminary Objections on July 24, 2019. On August 6, 2019, this Court filed an order directing the Preliminary Objections to be

decided on briefs.  The parties have each submitted briefs, and the matter is now ripe for determination.

Respondents raise a number of preliminary objections for determination.  First, Respondents argue that this Court should dismiss the Petition because it fails to conform to the paragraphing requirements of Pennsylvania Rule of Civil Procedure No. 1022.  *See* Respondents' Brief at 12.  Second, Respondents argue the Petition should be dismissed because this Court lacks jurisdiction to review the Department's grievance procedures.  *Id.* at 12-13.  Third, Respondents claim Wetzel, Defilice, Reifer and Smith should be dismissed from the action because Williams failed to allege their personal involvement regarding any constitutional violations.  *Id.* at 14-15.  Fourth, Respondents argue that Williams' due process claim should fail because Williams has no property right in contraband, and that the Department's internal grievance process provided Williams with an adequate legal remedy. *Id.* at 16-17.  Finally, Respondents claim Williams' retaliation claim should be dismissed because his property was confiscated pursuant to a prison rule.  *Id.* at 17-18.

Initially, we note that:

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom.  The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion.  In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences

5

reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

Upon review, we agree with Respondents that this Court lacks jurisdiction to consider the Petition to the extent that it seeks review of his grievance denial. In *Bronson v. Central Office Review Committee*, 721 A.2d 357 (Pa. 1998), our Supreme Court agreed with this Court that "internal prison operations are more properly left to the legislative and executive branches, and that prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference." *Id.* at 358 (citing *Robson v. Biester,* 420 A.2d 9 (Pa. Cmwlth. 1980)). In *Bronson*, the Supreme Court held that this Court lacks jurisdiction to review inmate appeals of decisions by intra-prison disciplinary tribunals by explaining:

> [u]nlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration and the full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding. Therefore, the [C]ommonwealth [C]ourt does not have appellate jurisdiction, under 42 Pa.C.S § 763, over inmate appeals of decisions by intra-prison disciplinary tribunals.

*Id.* at 358–59 (internal citations and quotations omitted).  Though Williams brings this Petition before this Court in our original jurisdiction, our Supreme Court further held in *Bronson* that this Court cannot entertain such matters in our original jurisdiction, except in very limited circumstances.  As the Supreme Court explained:

> [p]rison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens . . . incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.  Unless an inmate can identify a personal or property interest . . . not limited by Department of Corrections regulations and which has been affected by a final decision of the [D]epartment the decision is not an adjudication subject to the court's review.

*Id.* at 359 (internal citation, quotations, and brackets omitted).  Thus, to the extent Williams challenges the denial of the Grievance, we do not have jurisdiction to consider this finding because review of such grievances is a matter of internal prison administration.  *See id.* at 358-59.

Additionally, to the extent the Petition purports to raise a due process claim, we agree with Respondents that this claim should be dismissed because Williams has failed to plead facts that would establish that he was deprived of a protected property interest when prison authorities confiscated contraband property from his cell.  *See* Respondents' Brief at 16-17.

As this Court has explained:

> [t]he Fourteenth Amendment to the United States Constitution provides, in relevant part, that no "State [shall] deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  To maintain a due process challenge, a party must

7

> initially establish the deprivation of a protected liberty or property interest. If, and only if, the party establishes the deprivation of a protected interest, will the Court consider what type of procedural mechanism is required to fulfill due process.

*Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 383 (Pa. Cmwlth. 2017) (some internal citations omitted). Prison inmates also have no property interest in property that is contraband. *Bush v. Veach*, 1 A.3d 981, 984 (Pa. Cmwlth. 2010); *Fennell v. Captain N.D. Goss* (Pa. Cmwlth., No. 1198 C.D. 2015, filed Feb. 5, 2016),[4] slip op. at 11 n.10 ("We recognize that . . . a prisoner does not possess a protectable property interest in contraband.") (citing *Lowery v. Cuyler*, 521 F. Supp. 430, 433-34 (E.D. Pa. 1981)).

Here, prison authorities inventoried Williams' property when Williams was temporarily transferred to the RHU for an undisputed, unrelated misconduct. During the inventory, CO Quick discovered a television with altered identification engravings, which rendered the television contraband. Williams does not have a property interest in items confiscated from his cell that were deemed to be contraband. *See Lowery*, 521 F. Supp. at 433-34. Consequently, Williams' loss of his contraband property does not implicate his due process rights.

Further, the United States Supreme Court has ruled that an inmate cannot state a cognizable claim for the deprivation of property where there exists an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517 (1984). Here, Williams filed a grievance that was investigated and adjudicated pursuant to the Department's grievance procedures. *See* Petition at 1-4 ¶ 8; *see also* Grievance;

---

[4] This Court's unreported memorandum opinions may be cited for persuasive value. 210 Pa. Code § 69.414(a).

8

Grievance Response; Facility Manager Grievance; Facility Manager Response; Final Decision. The Facility Grievance Coordinator reviewed and denied the grievance, which determination Williams appealed to the Facility Manager and the Office of Inmate Grievances and Appeals, losing at every level. *See id.* The Petition contains nothing beyond Williams' asserted dissatisfaction with the results of his Grievance, which dissatisfaction does not state a claim for deficient post-deprivation process.

Finally, we agree that Williams' retaliation claim should be dismissed because the property seized – Williams' television – was contraband confiscated pursuant to a prison rule. *See* Respondents' Brief at 17-18; *see also* Facility Manager Response; Final Decision. In prisoner retaliation claims, "courts require proof the inmate engaged in constitutionally protected conduct, prison officials took adverse action, and the protected conduct was a substantial or motivating factor for the action." *Yount v. Pa. Dep't of Corr.*, 966 A.2d 1115, 1120 (Pa. 2009). In addition to these basic elements, to prevail on a retaliation claim, a prisoner also maintains the burden of proof to disprove a legitimate penological goal for the alleged retaliatory action. *Id.* The reason for this requirement stems from the "potential for abuse" inherent in retaliation claims and also a policy of judicial deference to the prison officials' "legitimate interest in the effective management of a detention facility." *Id.* at 1120-21. "[C]laims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule." *Horan v. Newingham* (Pa. Cmwlth., No. 2622 C.D. 2015, filed Oct. 24, 2016), slip op. at 5 (quoting *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008)). "Thus, a defendant may successfully defend a retaliatory discipline claim by showing *some evidence* the inmate actually committed a rule violation." *Id.* (quoting *Hartsfield*,

9

511 F.3d at 829) (emphasis added). Further, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation[.]" *Id.*

Here, Williams' Petition alleges prison authorities confiscated his television in retaliation for Williams having filed a grievance against a corrections officer. Both the Facility Manager Response and the Final Decision, copies of which were attached to the Petition, evidence a report – albeit disputed by Williams – that Williams was in possession of a contraband television. These reports constitute "some evidence" that Williams actually committed a rule violation for which his television was confiscated.[5] Thus, Williams' retaliation claim fails. *Horan*.

Accordingly, we sustain Respondents' Preliminary Objections[6] and dismiss the Petition.[7]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[5] We note that no party argues that a television with altered identification engravings is not contraband prohibited by prison rule. Williams' defense to the actual violation of this rule – the underlying allegation that CO Quick altered Williams' television – was raised and rejected through the Grievance process, which we cannot now review. *See Bronson*; *see also* Final Decision.

[6] Based on this disposition, we need not consider Respondents' first and third preliminary objections.

[7] Together with the Petition, on April 4, 2019, Williams filed an Application to Proceed In Forma Pauperis, which the Court granted on May 1, 2019. On May 6, 2019, Respondents filed a Motion to Revoke IFP and Dismiss the Petition Pursuant to Section 6602(f) of the Prison Litigation Reform Act (IFP Motion). The Court denied Respondents' IFP Motion by order dated June 7, 2019, and denied Respondents' requested reconsideration by order dated July 2, 2019. We acknowledge that, in their brief, Respondents reargue the claim that this Court should revoke Williams' IFP status because Williams is a three-strike abusive litigation offender. *See* Respondents' Brief at 8-11. This Court will not reconsider reconsideration. *See* Pa.R.A.P. 2547 (second or subsequent applications for reargument will not be considered).

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Williams,                               :
                          Petitioner            :
                                                :
              v.                                :
                                                :
John E. Wetzel (Secretary of                    :
Corrections); Mrs. Reifer (Chief                :
Grievance Officer); Barry Smith                 :
(Facility Manager, S.C.I. Houtzdale);           :
Mr. Quick C/O (Corrections Officer);            :
Mr. Defilice (Unit Manager for C-Unit);         :
PA. Dept. of Corrections Officials,             :     No. 214 M.D. 2019
                          Respondents           :

# O R D E R

AND NOW, this 17th day of April, 2020, the Preliminary Objections of Respondents John E. Wetzel, Mrs. Reifer, Barry Smith, Mr. Quick C/O, and Mr. Defilice (collectively, "Respondents") are SUSTAINED and petitioner Anthony Williams' Petition for Review is DISMISSED with prejudice. Respondents' Motion to Revoke IFP is DISMISSED as moot.

_____
CHRISTINE FIZZANO CANNON, Judge