# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3348
_____

Jay Jones

*Plaintiff - Appellant*

v.

Joseph Gentle, Correctional Officer, Ouachita River Unit, ADC; Faust, Warden,
Ouachita River Unit, ADC; Dexter Payne, Director, Arkansas Department of
Correction; Raymond Naylor, Disciplinary Hearing Administrator, Arkansas
Department of Correction; Daniel Wayne Golden, Hearing Officer, Arkansas
Department of Correction; Doe, Sergeant, Ouachita River Unit, ADC

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: May 19, 2020
Filed: June 1, 2020
[Unpublished]
_____

Before COLLOTON, BEAM, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Jay Jones appeals the district court's[1] adverse grant of summary judgment in this 42 U.S.C. § 1983 action. Upon careful review of the record and the parties' arguments on appeal, we conclude that the district court properly granted defendants' motion for summary judgment. See Whitson v. Stone Cty. Jail, 602 F.3d 920, 923 (8th Cir. 2010) (standard of review). Specifically, the summary judgment evidence established beyond genuine dispute that there were no violations of Jones's rights under the First and Eighth Amendments, see Hartsfield v. Nichols, 511 F.3d 826, 829-30 (8th Cir. 2008) (First Amendment retaliation claim fails if conduct violations were issued for actual violations of prison rule; prison disciplinary violations are valid when they are supported by "some evidence"); see also Kulkay v. Roy, 847 F.3d 637, 642-44 (8th Cir. 2017) (to establish Eighth Amendment claim, inmate must show (1) alleged violation was objectively and sufficiently serious, in that he was incarcerated under conditions posing substantial risk of serious harm; and (2) prison official was deliberately indifferent to inmate health or safety, in that he knew of substantial risk and failed to respond reasonably to it); and Jones's Fourteenth Amendment claims were barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (where success of § 1983 damages claim would necessarily imply invalidity of conviction or sentence, plaintiff must show conviction has been reversed, expunged, declared invalid, or called into question). Accordingly, we affirm. See 8th Cir. R. 47B.

_____

_____

[1]The Honorable Judge Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas, adopting in part the report and recommendations of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.